IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

DAVID WILLIAM KNARR,

Plaintiff,

v.

LINN COUNTY CIRCUIT COURT,

Defendant(s).

Case No. 6:26-cv-01292-AP

**FINDINGS & RECOMMENDATION**

POTTER, United States Magistrate Judge:

Self-represented Plaintiff David William Knarr filed a Complaint and a petition seeking leave to proceed *in forma pauperis* ("IFP"). Plaintiff brings claims under 42 U.S.C. § 1983 against the Linn County Circuit Court and "'ALL' District Attorneys Involved in my Petitions." Complaint (Compl.) 2, ECF Nos. 1 and 2.

Plaintiff's IFP petition is GRANTED. But because Plaintiff has failed to state a claim upon which relief may be granted, and no amendment to his Complaint could cure this defect, the Court recommends that the district court enter judgment dismissing this case without leave to amend.

**BACKGROUND**

Plaintiff William Knarr filed his Complaint alleging constitutional and statutory violations against the Linn County Circuit Court and an unidentified cadre of district attorneys. Compl. 2. According to the Complaint, Plaintiff's claims arise out of an unlawful arrest in 1998, unlawful convictions in 1999, 2011, and 2023, and an unlawful accusation in 2026. Compl. 4. In his Complaint, Plaintiff provides this background:

> I was falsely arrested, accused and convicted. The public defender refused to defend me in 1998, 1999 [and] let me rot [and] forced me to plea for crimes not committed. Since then, 1999, I have been repeatedly denied, harassed, accused, arrested, retaliated against for fighting back [and] learning my rights and the laws. Linn County is currently attempting to place another unlawful conviction upon me, stating I am in violation, when I am absolutely not in violation.

Compl. 4-5.

Although his Complaint is not at all clear, Plaintiff lists Defendant's alleged violations as follows:

> 42 [] USC 12203 Protecting their judges, 18 U.S.C. 241, 18 U.S.C. 242, UCC 1-308, 1st, 4th, 5th, 6th, 7th, 8th, [and] 14th Amendments, Color of Law, Maxims of Law, Due Process, Fruits of the Poisonous Tree, Pejorative characterization, Brady Law, Discovery [and] Disclosure, Unlawful Arrest, Unlawful Conviction, Emotional [and] Physical Distress, Ineffectiveness of Counsel, Rules Enabling Act, Chevron Deference, FOIA, ORA, Oath of Office Info, Bonding [sic] Code Info, USC 18 § 2076, 18 USC § 1512(b), 18 USC 2076.

Compl. 3-4. Plaintiff seeks damages as well as to have his "record expunged of whatever is left on it without prejudice so no more retaliations can be made against me." Compl. 5.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2), which governs IFP complaints, this Court must review Plaintiff's complaint and dismiss any claim that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Complaints filed by self-represented parties are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a plaintiff still must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Dismissal of a

self-represented litigant's complaint for failure to state a claim "is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). The Court must construe pleadings filed by self-represented litigants liberally and afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). Unless it is "absolutely clear" that the complaint's defects cannot be cured by amendment, a self-represented litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

**DISCUSSION**

Plaintiff's Complaint should be dismissed without leave to amend. Plaintiff's claims against Linn County Circuit Court are foreclosed under the doctrines of judicial and prosecutorial immunity.[1]

According to Plaintiff's Complaint, the claims against Linn County Circuit Court are based on the rulings and decisions stemming from his state criminal convictions. While it is not entirely clear, it appears Plaintiff seeks to assign liability from the individual judges making those rulings to the Linn County Circuit Court under a theory of respondeat superior. If that is the case, Plaintiff's claims are barred because judges are entitled to judicial immunity. *Paulson v.*

---

[1] There are other issues with Plaintiff's Complaint that warrant dismissal, including failing to satisfy pleading standards set forth in Fed. R. Civ. P. 8; claims that fall outside the statutes of limitation; nonsensical reference to UCC 1-308, a rule which preserves rights in commercial transactions, and not a legal claim; evidentiary doctrines such as the fruit of the poisonous tree that are not a cause of action, *United States v. Gorman*, 859 F.3d 706, 716 (9th Cir. 2017); *see also Knarr v. Marteeny*, No. 6:26-CV-1408-AA, 2026 WL 2085810 (D. Or. July 20, 2026); and federal criminal statutes that provide no basis for civil liability, *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). However, as Plaintiff's claims are barred under both judicial and prosecutorial immunity, the Court need not address in detail every defect with Plaintiff's Complaint.

*Oregon State Bar*, 609 F. App'x 511, 512 (9th Cir. 2015) (affirming a district court's dismissal of *pro se* plaintiff's § 1983 action and claims for damages against Oregon Supreme Court Chief Justice Thomas Balmer, and the Oregon State Bar and its prosecutor, because these defendants were entitled to immunity); s*ee also, McFarland v. Oregon*, No. 6:19-CV-01066-MK, 2020 WL 8971498, at *4 (D. Or. Sept. 30, 2020), *report and recommendation adopted*, No. 6:19-CV-01066-MK, 2021 WL 1136054 (D. Or. Mar. 24, 2021) ("Even assuming Lane County Circuit Court can be held liable under *respondeat superior* for the judicial acts of its judges, the judges' judicial immunity . . .forecloses Plaintiff's claims against Lane County Circuit Court"); *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) ("Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts.").

State prosecutors are similarly protected for acts taken in their official capacity. *Kalina v. Fletcher*, 522 U.S. 118, 123-25 (1997). Although Plaintiff does not name any specific District Attorney in his Complaint or identify any cognizable claims against any district attorney, had he done so, any such defendant would also be entitled to immunity.

Moreover, to the extent Plaintiff seeks expungement of his state criminal record, Plaintiff cannot use a § 1983 action to challenge his state court conviction; any claims that would necessarily undermine his conviction are also subject to dismissal. *See Barnett v. Justs. of the California Supreme Ct.*, 4 F. App'x 454, 455 (9th Cir. 2001) (affirming dismissal of claims against state defense counsel and citing *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)).

Courts generally provide plaintiffs proceeding pro se with an opportunity to amend, unless "it is clear that the complaint could not be saved by any amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). However, given that the named Defendant is immune from suit, amendment in this case would be futile.

## RECOMMENDATION

Plaintiff's application to proceed IFP is GRANTED. However, for the foregoing reasons, Plaintiff has failed to state a claim for relief and his Complaint should be DISMISSED.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to de novo consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

DATED this 5th day of August, 2026.

/s/Amy E. Potter
AMY E. POTTER
United States Magistrate Judge